UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK C. JACKSON,

      Plaintiff,

v.                                                                      Case No: 8:16-cv-3497-T-36JSS

UNITED STATES OF AMERICA, STATE
OF FLORIDA,

      Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Show Cause to Proceed as a Seaman (Dkt. 8), which the Court construes as a response ("Response") to the Court's Order to Show Cause (Dkt. 6).  On December 27, 2016, Plaintiff filed a Complaint, in which Plaintiff stated that he can proceed without the prepayment of fees pursuant to 28 U.S.C. § 1916.  (Dkt. 1.)  On January 13, 2017, the Court ordered Plaintiff to show cause as to why his filing fees should be waived under 28 U.S.C. § 1916.  (Dkt. 6.)  Upon reviewing Plaintiff's Response, the Court finds Plaintiff fails to show that he meets the requirements to proceed as a seaman.

Under 28 U.S.C. § 1916, a "seaman may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefore."  To be considered a seaman under 28 U.S.C. § 1916, courts have found that plaintiff must allege some injury that occurred while working on a seagoing vessel.  *See, e.g., Hamrick v. Hoffman*, 550 F. Supp. 2d 8, 12 (D.D.C 2008) (noting that 28 U.S.C. § 1916 "applies to only those seamen who were, at the time of injury, employed by the party being sued."); *Brown v. Sea-Land Serv., Inc.*, 980 F.2d 736 (9th Cir. 1992) (reversing the district court's denial of the plaintiff's motion to

proceed under 28 U.S.C. § 1916 without a filing fee as it was undisputed that the plaintiff was a worker on vessel who was discharged by the captain and who sought a month's wages); *Godfrey v. United States*, 248 F. Supp. 273, 275 (S.D. Cal. 1965) (finding that the plaintiff was not a seaman under 28 U.S.C. § 1916 when the plaintiff's radar and electronics "duties were not connected with [a] ship's seagoing operations and he was not an employee of the Navy.").

Further, the plaintiff must establish that he is a seaman seeking wages or salvage or the enforcement of laws enacted for the seamen's health of safety. *See, e.g.*, *Bey v. United States*, No. 15-1201C, 2015 WL 6736799, at * 4 (Fed. Cl. Nov. 3, 2015) (denying a  motion to proceed as a seaman as the plaintiff had "neither established that he is a seaman or that his suit for 'wages or salvage or the enforcement of laws enacted for [the seamen's] health or safety'" when the plaintiff asserted claims including breach of contract, tort and identity theft); *Muhammad v. Dep't of Navy (USN)*, No. 14-CV-1290 (SLT), 2015 WL 7681247, at *1-4, n.1 (E.D.N.Y. Nov. 24, 2015) (finding a plaintiff's tort and employment discrimination lawsuits against the United States Navy for acts which occurred around the time of the plaintiff's separation from the service did not fall under 28 U.S.C. § 1916 even if the plaintiff was a seaman).

Here, Plaintiff states that this case "involves intellectual property to be placed in the ocean designed to prevent or weaken hurricanes and make the ocean more prolific." (Dkt. 8.)  Plaintiff further states that he is "seeking redress from the government's failure to implement [his] constitutionally mandated solar powered upwelling pipe as an act in furtherance of a prohibited personnel practice or racketeering enterprise." (Dkt. 8)  Plaintiff claims he should be considered a seaman "because the prohibited personnel practice was initiated in 1990 when [he] was in the United States Navy." (Dkt. 8.)  Given the allegations here, Plaintiff has failed to establish that he is a seaman seeking wages or salvage or the enforcement of laws enacted for his health or safety

under 28 U.S.C. § 1916. *See Hamrick*, 550 F. Supp. 2d at 12; *Brown*, 980 F.2d 736; *Godfrey*, 248 F. Supp. at 275; *Bey*, 2015 WL 6736799, at * 4; *Muhammad*, 2015 WL 7681247, at *1-4, n.1.

Accordingly, it is **ORDERED** that Plaintiff shall pay the filing fee to the Clerk within thirty (30) days of the date of this Order.  Plaintiff's failure to do so may result in dismissal of this action without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, on February 1, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party